# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

Carl Maurice Woodard,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 10-295(4) ADM/AJB
Civil No. 12-1865 ADM

_____

LeeAnn K. Bell, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Carl Maurice Woodard, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Carl Maurice Woodard's ("Woodard") 28 U.S.C. § 2255 Motion [Docket No. 407]. For the reasons below, Woodard's Motion is denied.

## II. BACKGROUND

In November 2010, Woodard was indicted on one count of conspiracy to distribute cocaine base. See Indictment [Docket No. 1]. On March 14, 2011, an Information was filed charging Woodard with a single count of possession with intent to distribute five or more grams of cocaine base. See Felony Information [Docket No. 281]. Two days later, Woodard pleaded guilty to the Information charge. See Minute Entry [Docket No. 292].

In the Plea Agreement, Woodard admitted that on June 25, 2010, he possessed approximately twenty-eight grams of cocaine base with the intent to distribute it. Change of Plea Hr'g Tr. [Docket No. 410] 12. Given his prior convictions, Woodard qualified as a career

offender under the United States Sentencing Guidelines ("U.S.S.G.") with a resulting advisory guideline range of 188-235 months. Id. 15, 18.

At the plea hearing, Woodard stated under oath that he was satisfied with his attorney representation and that he was not being coerced into pleading guilty. Id. 3. Woodard admitted that on June 25, 2010, he arranged to purchase an ounce of cocaine base from another person, with the ultimate intent to sell it to others. Id. at 25–26. Woodard admitted the sale of the cocaine base to others. Id. After the factual basis was established, the Court asked Woodard if he was actually guilty of this offense and he agreed he was. Id. at 27.

Given Woodard's criminal history, his guideline sentence would have been 188–235 months. Sentencing Hr'g Tr. [Docket No. 411] 5. On August 3, 2010, however, the Fair Sentencing Act of 2010 (the "FSA") went into effect, reducing sentencing disparities between cocaine and cocaine base offenses by increasing the quantities of cocaine base required to trigger mandatory minimum sentences. The threshold for five-year mandatory minimum sentences was increased from five grams to twenty-eight grams, and the ten-year threshold increased from fifty grams to 280 grams. 21 U.S.C. §§ 841(b)(1)(A–B). The Government argued that the FSA applied to all sentencings after August 3, 2010, and therefore contended that no mandatory minimum applied to Woodard's offense and that the maximum sentence was twenty years. Sentencing Hr'g Tr. 5–6. Woodard's guidelines were calculated as a career offender under U.S.S.G. § 4B1.1, and because the statutory maximum sentence had decreased, the Government requested that Woodard's guideline range be reduced commensurately. Id. The Court adopted the Government's position, finding the applicable guideline range to be 151–188 months, finding

no mandatory minimum applicable, and ultimately sentencing Woodard to 132 months imprisonment. Sentencing J. [Docket No. 392].

Judgment was entered on October 4, 2011, and no appeal was filed. On July 30, 2012, Woodard filed his § 2255 Motion alleging ineffective assistance of counsel.

### III. DISCUSSION

To receive relief under 28 U.S.C. § 2255, a prisoner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. Relief is therefore reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. See Poor Thunder v. United States, 810 F.2d 817, 821 (8th Cir. 1987). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

When a defendant contemporaneously makes statements at his change-of-plea or sentencing hearing asserting that his counsel was effective, those statements are strongly presumed to be true, and a later claim of ineffective assistance of counsel "is flatly contradicted" and belied by those prior in-court statements. Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997); see also Stageberg v. United States, Civ. No. 6-4954, Crim No. 5-51(3), 2007 WL 2023558, at *1 (D. Minn. July 10, 2007) (finding subsequent claim of ineffective assistance of

counsel unable to "overcome the strong presumption of verity attached to Petitioner's representations at the change of plea hearing"). Here, at his change of plea hearing, Woodard answered "[y]es" when the Court asked him if he was "satisfied with his [attorney's] services as [his] lawyer." Change of Plea Hearing Tr. 6. Also during that hearing, Woodard's counsel stated on the record that he and Woodard had "gone over [the plea agreement] extensively," to which Woodard stated, "Yeah, we talked about it a lot." Id. 25. These statements contradict Woodard's current assertion that his attorney was ineffective.

Establishing a § 2255 claim of ineffective assistance of counsel is a "heavy burden" upon the movant, see United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996), one which requires first a showing that "counsel's representation fell below an objective standard of reasonableness" and second that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Judicial review of defense counsel's performance is "highly deferential," and is not used to second-guess a counsel's performance in hindsight. Id. at 689. To lessen this tendency to assess performance with the benefit of knowing the ultimate outcome, the adequacy of counsel is determined from the "'counsel's perspective at the time' investigative decisions are made, and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (quoting Strickland, 466 U.S. at 689, 691).

**A. Claim of Counsel's Failure to Object to a Sentence Outside of the FSA**

Woodard alleges two grounds of ineffective assistance of counsel. His first contention is that his attorney was ineffective because he failed to advise and to object when Woodard was sentenced under the pre-FSA cocaine base sentence regime. § 2255 Mot. 7. This claim fails because the Government moved for Woodard to be sentenced under the FSA guidelines, and the Court did in fact sentence him under the FSA guidelines range of 151–188 months rather than

4

the pre-FSA guidelines range of 188–235 months. Because Woodard was sentenced under the FSA, Woodard's counsel could not have been ineffective in this regard.

### B. Claim of Counsel's Unreasonable Advice to Enter a Guilty Plea

Woodard also claims that his counsel acted unreasonably in advising him to enter a guilty plea, because the "government clearly did not have the proof to sustain a conviction on this charge." § 2255 Mot. 9. Where a guilty plea is challenged under the second part of the Strickland test, the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58–59 (1985) (footnote omitted). Woodard's Motion fails to show that he would not have pleaded guilty and would have gone to trial but for the alleged ineffective assistance of counsel. At multiple junctures during the change of plea hearing, as well as in the Presentence Investigation and in the Plea Agreement itself, Woodard admitted to the factual basis of the count to which he pleaded guilty. Moreover, in his § 2255 Motion, Woodard admits yet again to having solicited another person to arrange for the purchase of one ounce of cocaine base. See § 2255 Mot. 8.

The uncontroverted record indicates that the Government had sufficient factual basis to establish that Woodard possessed cocaine base with intent to distribute. Woodard has failed to make the necessary showing that but for his counsel's ineffective assistance, he would not have pleaded guilty and would have instead proceeded to trial. Woodard was originally indicted with conspiracy to distribute cocaine base. Indictment at 1. Again, in Woodard's § 2255 Motion he expressly admits to having phoned Derek Wayne Brown, an indicted coconspirator, with the intent to purchase cocaine base from him in order to sell it to others. Had Woodard not pleaded guilty to the charge alleged in the Information — i.e., possession with intent to distribute cocaine base — he would have been facing trial on the charge of conspiracy with intent to distribute. Because Woodard has admitted and never contested that he was involved with the other

5

conspirators in attempting to distribute cocaine base, it is highly unlikely he would have gone to trial on that count. Accordingly, Woodard's counsel was not ineffective by advising him to enter a guilty plea, a plea which resulted in a below-guidelines sentence of 132 months.

## IV.  CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds there are no debatable issues presented and therefore declines to grant Woodard a certificate of appealability.

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Carl Maurice Woodard's 28 U.S.C. § 2255 Motion [Docket No. 407] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 28, 2012.