# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.                                **ORDER**
                                    Criminal No. 10-295(4) ADM/AJB
                                    Civil No. 12-1865 ADM

Carl Maurice Woodard,

        Defendant.

___

Carl Maurice Woodard, pro se.

___

This matter is before the undersigned United States District Judge for a ruling on Defendant Carl Maurice Woodard's ("Woodard") Motion to Alter or Amend Judgment Under Rule 59(e) [Docket No. 419]. For the reasons below, Woodard's Motion is denied.

Woodard requests this Court amend his judgment under Rule 59 of the Federal Rules of Civil Procedure, arguing that this Court committed manifest error of law and fact by denying his 28 U.S.C. § 2255 Motion [Docket No. 407]. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Such motions are to be granted sparingly because of the judicial interest in finality and the conservation of scarce judicial resources. Pa. Ins. Guar. Ass'n v. Trabosh, 812 F.Supp. 522, 524 (E.D. Pa. 1992). A motion to amend serves "the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (citation and internal quotations omitted).

This Court is convinced it committed no errors of law or fact in denying Woodard's 28 U.S.C. § 2255 Motion based on a claim of ineffective assistance of counsel. At his change of plea hearing, Woodard stated under oath he was satisfied with his counsel and admitted he purchased and sold cocaine base. Change of Plea Hr'g Tr. [Docket No. 410] 25–27. Woodard's contemporaneous statements that his counsel was effective are strongly presumed to be true. See, e.g., Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997). Moreover, Woodard failed to show he would not have pleaded guilty and would have gone to trial but for the alleged ineffective assistance of his counsel. See, e.g., Hill v. Lockhart, 474 U.S. 52, 58–59 (1985). Furthermore, the Government had sufficient factual basis to establish that Woodard possessed cocaine base with intent to distribute. For these reasons, Woodard's Motion to Amend must be denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Carl Maurice Woodard's Motion to Alter or Amend Judgment Under Rule 59(e) [Docket No. 419] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 11, 2012.