UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.

Carl Maurice Woodard,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 10-295(4) ADM/AJB
Civil No. 16-2166 ADM

_____

LeeAnn K. Bell, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Carl Maurice Woodard, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff United States of America's (the "Government") Motion [Docket No. 543] to dismiss Defendant Carl Maurice Woodard's ("Woodard") successive Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 527]. For the reasons set forth below, the Government's Motion is granted and Woodard's motion is denied.

## II.  BACKGROUND

Woodard filed his first § 2255 motion in July 2012, alleging ineffective assistance of counsel. See Pro Se Mot. Vacate [Docket No. 407]. The Court denied the motion in August 2012 and declined to issue a Certificate of Appealability ("COA"). See Mem. Op. & Order [Docket No. 415]. Woodard appealed to the Eighth Circuit, which denied his application for a COA and dismissed his appeal. See J. USCA [Docket No. 436].

In June 2016, Woodard filed this successive § 2255 Motion, arguing that United States Sentencing Guideline § 4B1.1 was improperly applied to enhance his sentence. On the same day the successive § 2255 Motion was filed, Woodard also sought authorization with the Eighth Circuit to file a successive § 2255 motion. See Woodard v. United States, No. 16-2882 (8th Cir.) [Appellate Docket No. 1].

On March 24, 2017, the Government filed its motion to dismiss Woodard's successive § 2255 Motion, arguing that Woodard failed to secure permission from the Eighth Circuit before filing the successive § 2255 Motion.[1]

On March 30, 2017, the Eighth Circuit denied Woodard's motion to file a successive § 2255 petition. See J. USCA [Docket No. 544]; Mandate [Docket No. 545].

### III. ANALYSIS

Successive § 2255 motions are governed by paragraph (h) of § 2255, which reads:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Because Woodard has failed to obtain the requisite certification from the Eighth Circuit under § 2255(h), Woodard's successive § 2255 Motion must be denied. See Hill v. Morrison, 349 F.3d 1089, 1090 (8th Cir. 2003) ("Before a trial court may consider a second or

---

[1] The Government's response to Woodard's successive § 2255 Motion had been stayed pending resolution by the United States Supreme Court of Beckles v. United States, 137 S. Ct. 886 (2017), which was decided on March 6, 2017. See Order, July 26, 2016 [Docket No. 535] (granting Government's request to stay response).

successive § 2255 motion, however, a petitioner must obtain permission from the court of appeals.") (citing 28 U.S.C. §§ 2244 and 2255).

## IV.  CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds there are no debatable issues presented and therefore declines to grant Woodard a certificate of appealability.

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff United States of America's Motion to Dismiss Defendant's Successive Motion Under 28 U.S.C. § 2255 [Docket No. 543] is **GRANTED**; and

2. Defendant Carl Maurice Woodard's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 527] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 5, 2017.